## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| EURO SME SDN BHD, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Court No. 22-00108** |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

Pursuant to Rule 3(a)(2) of the Rules of the United States Court of International Trade, Plaintiff Euro SME Sdn Bhd ("Plaintiff"), by and through its undersigned counsel, alleges and states, as follows:

### ADMINISTRATIVE DECISION TO BE REVIEWED

1. This is a civil action for relief pursuant to sections 516A(a)(2)(A)(i)(II) and 516A(a)(2)(B)(iii) of the Tariff Act of 1930, as amended, codified as 19 U.S.C. §§ 1516a(a)(2)(A)(i)(II) and 1516a(a)(2)(B)(iii).

2. This civil action challenges the final results of the antidumping administrative review of Polyethylene Retail Carrier Bags from Malaysia for the period of August 1, 2019 to July 31, 2020, conducted by the U.S. Department of Commerce, International Trade Administration (the "Department"), pursuant to section 701 of the Tariff Act of 1930, as amended, 19 U.S.C. §§ 1673-1673d. The contested final determination was published as Polyethylene Retail Carrier Bags From Malaysia: Final Results of the Antidumping Duty Administrative Review; 2019–2020, 87 Fed. Reg. 12,933 (Dep't Commerce Mar. 8, 2022), and the accompanying Issues and Decision Memorandum (collectively, "Final Results").

3.      Plaintiff seeks relief from this Court (a) to vacate the Department's final results of

review, and (b) to remand the final results of review to the Department for further proceedings.

### STANDING OF PLAINTIFF

4.      Plaintiff is a producer and exporter in Malaysia of subject merchandise, actively

participated in the contested antidumping duty administrative review of Polyethylene Retail

Carrier Bags from Malaysia (ITA Case No. A-557-813), and as such is an "interested party"

within the meaning of sections 516(A)(f)(3) and 771(9)(A) of the Tariff Act of 1930, codified as

19 U.S.C. §§ 1516a(f)(3) and 1677(9)(A).  Plaintiff therefore has standing to bring this action

under 28 U.S.C. § 2631(c).

### JURISDICTION

5.      The Court has exclusive jurisdiction over this action under 28 U.S.C. § 1581(c).

### TIMELINESS

6.      Plaintiff filed its Summons to initiate this action on April 7, 2022, which is within 30

days after the publication of the Final Results.  This Complaint is being filed within 30 days after

the date on which the Summons was filed.  This action therefore is timely in accordance with 19

U.S.C. § 1516a(a)(2)(A)(i), 28 U.S.C. § 2636(c), and USCIT Rule 3(a)(2).

### STANDARD OF REVIEW

7.      The Court must remand any administrative determination by the Department which is

"unsupported by substantial evidence on the record" as a whole, or is "otherwise not in

accordance with the law."  19 U.S.C. § 1516a(b)(1)(B); Koyo Seiko Co. v. United States, 769 F.

Supp 1526, 1528 (Ct. Int'l Trade 1992).

## BACKGROUND

8.      On October 6, 2020, the Department initiated the antidumping duty administrative review of <u>Polyethylene Retail Carrier Bags from Malaysia</u> for the period of August 1, 2019 to July 31, 2020.  <u>Initiation of Antidumping and Countervailing Duty Administrative Reviews</u>, 85 Fed. Reg. 63,081 (Dep't Commerce Oct. 6, 2020).

9.      On September 2, 2021, the Department published the preliminary results of review in the Federal Register.  <u>Polyethylene Retail Carrier Bags From Malaysia: Preliminary Results of Antidumping Duty Administrative Review; 2019-2020</u>, 86 Fed. Reg. 49,309 (Dep't Commerce Sept. 2, 2021) (prelim. results).

10.      On March 8, 2022, the Department published in the Federal Register the <u>Final Results</u>.

## STATEMENT OF CLAIMS

## COUNT ONE

11.      Paragraphs 1 through 10 are adopted and incorporated herein by reference.

12.      The Department's decision in the <u>Final Results</u> to resort to the application of facts available with adverse inferences to Plaintiff's reporting of certain U.S. inland freight data was arbitrary and capricious, unsupported by substantial evidence, and otherwise not in accordance with law.

## COUNT TWO

13.      Paragraphs 1 through 12 are adopted and incorporated herein by reference.

14.      The Department's decision in the <u>Final Results</u> to provide only a partial credit for revenue associated with U.S. movement expenses was arbitrary and capricious, unsupported by substantial evidence, and otherwise not in accordance with law.

## COUNT THREE

15.     Paragraphs 1-14 are adopted and incorporated herein by reference.

16.     The Department's decision in the <u>Final Results</u> to resort to the application of partial facts available to Plaintiff's reporting of certain home market freight data, was arbitrary and capricious, unsupported by substantial evidence, and otherwise not in accordance with law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request this Court to:

(1)     Hold that the Department's determination was not in accordance with law or unsupported by substantial evidence with respect the claims advanced by the Plaintiff in this Complaint;

(2)     Remand the <u>Final Results</u> to the Department for a determination consistent with the opinion of this Court; and

(3)     Grant such additional relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Kelly A. Slater
Kelly A. Slater, Esq.
Edmund W. Sim, Esq.
Jay Y. Nee, Esq.
APPLETON LUFF PTE LTD
1025 Connecticut Avenue, NW
Suite 1000
Washington, DC 20036
(301) 649-2149

Counsel for Plaintiff

Dated:  April 7, 2022